RICHARD L. COTTERELL *vs.* WILLIAM H. DILL.

April 29, 1882.

Evidence considered, and *held* sufficient to sustain the verdict.

On May 23, 1881, R. J. Marks, being largely indebted to the plaintiff, his step-father, sold and delivered to him, in full satisfaction of this indebtedness, his entire stock of goods, notes and book-accounts in the business in which he was engaged. The sale was evidenced by a bill of sale in which the consideration was stated to be $1,709, and an inventory was attached in which the entire stock was appraised at $2,388.41, being at cost prices. On May 28, 1881, defendant, as sheriff, attached this stock of goods on behalf of a creditor of Marks, and, after judgment, sold the same on execution for $500.

Plaintiff brought this action in the district court for Winona county to recover for the conversion of this stock. The action was tried by *Start*, J., and a jury, who returned a verdict of $1,341.88 for plaintiff. Defendant appeals from an order refusing a new trial. The case as settled and allowed by the court purports to contain "all the testimony given upon the trial of the action, tending to show the value of the property for the conversion of which plaintiff seeks to recover."

*Wm. B. Phelps*, for appellant.

*Gould & Snow*, for respondent.

VANDERBURGH, J. This action is to recover the value of a certain stock of goods attached by defendant as sheriff, and alleged to have been previously transferred to the plaintiff without sufficient consideration, and in fraud of the vendor's creditors. The evidence

shows that the transfer was made in writing, which, upon its face, appears to be valid, and upon sufficient consideration; and there is no such discrepancy between the amount of such consideration and the value of the goods as of itself to raise a presumption of fraud. The question of fraud in fact, which the jury have negatived by their verdict in plaintiff's favor, we cannot consider here, because all the evidence bearing on it does not appear to be returned. The record discloses sufficient evidence to support the verdict for the amount found, and the district court has considered this question and declined to interfere. There is no ground, therefore, upon which we can disturb the verdict upon the state of the evidence, and we discover no error in the rulings of the court.

Order affirmed.